UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ODAINE JACKSON,

                                        Plaintiff,

                    -against-                                    **VERIFIED COMPLAINT**

                                                                 **Jury Demand**

HUDSON'S BAY COMPANY, SAKS FIFTH
AVENUE OFF 5th, SAKS & COMPANY LLC,
SAKS FIFTH AVENUE LLC, and "JOHN DOES"
and "JANE DOES," said names being fictitious and
intending to represent individual employees, staff,
personnel, agents and/or servants of HUDSON'S
BAY COMPANY, SAKS FIFTH AVENUE OFF 5th,
SAKS & COMPANY LLC and/or SAKS FIFTH
AVENUE LLC,

                                        Defendants.            Filed on: _____
-------------------------------------------------------------X

        Plaintiff ODAINE JACKSON (hereinafter referred to as the "Plaintiff" or "Mr.

Jackson"), by and through his counsel, THE COCHRAN FIRM, as and for his Verified

Complaint against Defendants HUDSON'S BAY COMPANY, SAKS FIFTH AVENUE OFF

5th, SAKS & COMPANY LLC, SAKS FIFTH AVENUE, LLC and "JOHN DOES" and JANE

DOES" (collectively referred to as "Defendants"), respectfully sets forth and alleges that:

## NATURE OF THE CLAIMS

        1.      This is a civil action for compensatory, injunctive, punitive, and exemplary

damages for the wrongful arrest, negligence and carelessness of the Defendants, which caused

the Plaintiff to suffer serious injury.

        2.      This action is to redress the deprivation under the color of statute, ordinance,

regulation, custom or usage of a right, privilege and immunity secured by the Plaintiff through

1

the United States Constitution, particularly 1st , 4th, 5th and 14th Amendments, 42 U.S.C. §§ 1981,

1982, 1985, and the laws and statutes of New York State.

    3.      This case arises out of an incident occurring on or about February 14, 2019.

    4.      Defendants' conduct was knowing, malicious, wanton and in reckless disregard of

the Plaintiff's rights.  It is has caused and continues to cause the Plaintiff to suffer substantial

economic and non-economic harm, severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

    5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343

(1-4) and 2202 as this case involves a federal question based on the Plaintiff's protected rights

under the United States Constitution, particularly 1st , 4th, 5th and 14th Amendments, 42 U.S.C. §§

1981, 1982, 1985, and the laws and statutes of New York State.  The Plaintiff further invokes

supplemental jurisdiction of this Court to adjudicate the state law claims pursuant to 28 U.S.C. §

1967. The matter in controversy exceeds, exclusive of interests and costs, the sum of $100,000

(one hundred thousand dollars)

    6.      The venue of this action is based upon the fact that the incident at issue occurred

within this judicial district.

## PARTIES

    7.      Plaintiff ODAINE JACKSON (hereinafter referred to as "Mr. Jackson") is an

African-American resident of Bronx County, New York.  At all relevant times, Mr. Jackson was

lawfully present at the SAKS FIFTH AVENUE OFF 5th Store located at 290 Baychester Avenue,

Bronx, New York 10475 (hereinafter "Defendant Store").

8.     Defendant Hudson's Bay Company is a diversified global retailer based in Canada and owns over 480 stores, including SAKS FIFTH AVENUE OFF 5th, SAKS and Lord and Taylor. At all relevant times, Hudson's Bay Company maintained, operated and controlled the Defendant Store.

9.     Defendant SAKS FIFTH AVENUE OFF 5th (hereinafter "SAKS OFF 5TH") is a retail company with its headquarters located at 362 Ninth Avenue, New York, New York, 10001. SAKS OFF 5th owns and operates stores located throughout the United States, including, but not limited to the Defendant Store. At all relevant times, Defendant SAKS OFF 5th maintained, operated and controlled the Defendant Store.

10.     Defendants SAKS & COMPANY LLC and SAKS FIFTH AVENUE LLC (hereinafter collectively "SAKS") is a luxury retail company with its headquarters located at 12 East 49th Street, New York, New York 10017. SAKS owns and operates stores located throughout the United States and several other countries, including, but not limited to the store the Plaintiff patroned, which is located at 290 Baychester Avenue, Bronx, NY 10475.

11.     At all relevant times, Defendants "JOHN DOE" and "JANE DOES," said names being fictitious and presently unknown persons believed to be employees, staff, personnel, servants and/or agents of Defendant Store who directly participated in the unlawful activity that is the subject of this Complaint.

## PROCEDURAL REQUIREMENTS

12.     This claim has been properly commenced within the requisite time period upon which the claim is based.

13.     All conditions and requirements precedent to the commencement of this action have been complied with.

3

## FACTUAL ALLEGATIONS

14.      On or about February 14, 2019, Mr. Jackson visited the Defendant Store located at 290 Baychester Avenue, Bronx, NY 10475 to purchase clothing.

15.      As soon as Mr. Jackson entered the store, he went directly to the Men's section to search for undershirts and briefs.

16.      After being unable to find his size, Mr. Jackson continued browsing the Men's section and ultimately did not find anything he wished to purchase.

17.      As Mr. Jackson was exiting the store, he was racially profiled and stopped by a male security guard employed by the Defendants who, without justification, forcibly grabbed Mr. Jackson by the arm causing him fear and substantial pain.

18.      As he was tightening his grip on the Plaintiff, the security guard accused Mr. Jackson of stealing merchandise from the store and demanded Mr. Jackson show him the contents of his bag.  Mr. Jackson denied shoplifting and engaging in any criminal wrongdoing, which resulted in the security guard tightening his grip on Mr. Jackson's arm causing him even more pain and fear.  At this point, it was clear that Mr. Jackson was under arrest and not free to leave the store.

19.      This physical assault caused Mr. Jackson to urinate on himself out of fear for his safety and well-being.

20.      As Mr. Jackson sought to retrieve his cellphone, the security guard told him that he was not going to let him leave the store.

21.      While he was engaged with the male security guard, a female security guard approached and attempted to forcefully remove Mr. Jackson's bag from his person without his consent.

4

22.     The security guards forced Mr. Jackson to reveal the content of his bag in public like a common criminal in clear view of all customers and in clear violation of Mr. Jackson's civil rights. Ultimately, this search showed that Mr. Jackson had not stolen any merchandise from the Defendant Store.

23.     Instead of apologizing for their unprofessional and unlawful treatment of Mr. Jackson, the employees ordered Mr. Jackson to immediately leave the store.

24.     Upon leaving the store, Mr. Jackson called for NYPD and EMS assistance because he felt distressed and faint and wanted to report the assault he endured. Mr. Jackson was transported by EMS to Jacobi Medical Hospital where he received medical treatment.

25.     Upon information and belief, Defendants and its employees, in the past and continue to, subject African-American shoppers and people of color to unlawful arrests, stops and searches disproportionally to whites and non-ethnic minorities. By doing so, the Defendants have conspired to violate the same privileges and immunities afforded to non-ethnic minorities to blacks and other people of color.

26.     As a result of the foregoing, the Plaintiff was left terrified, embarrassed and humiliated. His health has been affected, and he is suffering from headaches, anxiety, sleep disturbances, and other physical and emotional ailments.

### FIRST CAUSE OF ACTION
**(Violation of 42 U.S.C. § 1981- Equal Benefits Clause)**

27.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 26, inclusive, as if fully set forth herein.

28.     As set forth above, the Defendants have denied Mr. Jackson on the basis of his race the full and equal benefits of all laws and proceedings for the security of persons and

5

property as is enjoyed by Caucasian/White Citizens of the United States, in violation of 42 U.S.C. § 1981.

29.     As a result of the foregoing, Mr. Jackson has suffered and continues to suffer injuries and damages.

## SECOND CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1985(3))

30.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 29, inclusive, as if fully set forth herein.

31.     As set forth above, Defendants have engaged in a conspiracy to deprive Mr. Jackson, on the basis of his race the equal protection of the laws and/or the equal privileges and immunities under the laws, as are enjoyed by Caucasian/White Citizens of the United States, in violation of 42 U.S.C. § 1985 (3).

32.     At all relevant times, there has been an unlawful agreement between and amongst Defendants and others to deprive non-Caucasian/White, including but not limited to, African-American/Black persons of the equal protection of the laws and/or equal privileges and immunities under the laws, including, but not limited to, the protections, privileges and immunities afforded them under 42 U.S.C. § 1981.

33.     Moreover, Defendants have engaged in actions furthering a conspiracy, including, but not limited to, engaging in, authorizing, directing, acquiescing in and/or ratifying a pattern and practice of racial profiling and targeting individuals, like Mr. Jackson, for suspicion and false accusations of shop lifting and/or other acts of larceny and conspiring to unlawfully stop, search, seize, question and/or arrest Defendants' customers of color disproportionately as compared to Caucasian/White customers for suspected shoplifting and/or other acts of larceny.

6

34.     As a result, the Defendants' actions, in furtherance of their conspiracy, have injured Mr. Jackson in his person and/or property, and/or have deprived him, on the basis of his race of the same rights as are enjoyed by Caucasian/White citizens, including but not limited to the civil rights protected under 42 U.S.C. §§ 1981 and 1982.

35.     Defendants have intentionally engaged in such actions in furtherance of their conspiracy with a racial invidiously discriminatory animus.

36.     As a result of the foregoing, Mr. Jackson has suffered and continues to suffer injuries and damages.

### THIRD CAUSE OF ACTION
### (Violations of the  New York State Human Rights Law "NYSHRL")

37.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38.     By reason of the foregoing, the Defendants have violated New York Executive Law §296, et seq., New York State Human Rights Law, which states that places of public accommodation cannot deny any of the "accommodations, advantages, facilities or privileges thereof" based on a person's race.

39.     At all relevant times, the conduct of Defendants in subjecting African-American Black and non-White shoppers, like Mr. Jackson, to disproportionate stops, questioning and detention compared to White shoppers has denied Mr. Jackson the privileges of public accommodation based on his race and/or color.

40.     Moreover, Defendants' policies and practices have a disparate impact on innocent African-American/ Black and/or non-White shoppers, and have subjected innocent African-American/Black and/or non-White shoppers, like Mr. Jackson, to disparate treatment.

41.     At all relevant times, Defendants have discriminated against Mr. Jackson on the basis of his race.

42.     At all relevant times, Defendants have failed to monitor its employees and/or agents adequately and therefore are responsible for their conduct.

43.     Based on the foregoing, Mr. Jackson has suffered and continues to suffer injuries and damages.

## FOURTH CAUSE OF ACTION
### Violations of the New York Civil Rights Law

44.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.     At all relevant times, Defendants have violated Section 40 of the New York Civil Rights Law, which prohibits places of public accommodations from "withhold[ing] from or deny[ing] to any person any of the accommodations, advantages, facilities or privileges thereof" based on a person's race.

46.     The Defendants' conduct in subjecting innocent African-American/Black and/or non-White Shoppers like Mr. Jackson to disproportionate stops, searches, questioning and detention at Defendant stores than of White shoppers has denied the Plaintiff and others like him the privileges of public accommodation based on race.

47.     At all relevant times, Defendants' policies and practices have a disparate impact on innocent African-American/ Black and/or non-White shoppers, and have subjected innocent African-American/Black and /or non-White shoppers, like Mr. Jackson to disparate treatment.

48.     Defendants have discriminated against Mr. Jackson on the basis of his race.

49.     Defendants have failed to train, monitor its employees and/or agents adequately and therefore are responsible for their conduct.

8

50. Accordingly based on their conduct, the Defendants have violated New York Civil Rights Law, § 40.

51. Based on the foregoing, Mr. Jackson has suffered and continues to suffer injuries and damages.

### FIFTH CAUSE OF ACTION
### Violations of the New York City Human Rights Law ("NYCHRL")

52. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 51, inclusive, as if fully set forth therein.

53. As a result of the Defendants' unlawful conduct, the Defendants violated the NYCHRL, N.Y.C. Administrative Code § 8-1047(4), which states that it is an unlawful discriminatory practice for a place of public accommodation to "refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges thereof" to any person because of their race.

54. At all relevant times, the Defendants' conduct in subjecting innocent African-American/Black and/or non-White shoppers, like Mr. Jackson, to disproportionate stops, questioning and detention at Defendant stores than of White Shoppers has denied them the privileges of public accommodation based on their race.

55. Defendants' asset protection and security policies and practices have had a disparate impact on innocent shoppers, like Mr. Jackson, on account of their race.

56. Defendants and its employees and/or agents have discriminated against Mr. Jackson on account of his race.

57. Defendants have failed to monitor its employees and/or agents adequately and therefore are responsible for their conduct.

58. Accordingly, Defendants have violated NYCHRL.

59.    By reason of the foregoing, Mr. Jackson has suffered and continues to suffer injuries and damages.

### SIXTH CAUSE OF ACTION
### (False Arrest)

60.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.    At all relevant times, Mr. Jackson was unlawfully placed in the custody of the Defendants, detained, confined and arrested without just or probable cause at the Defendants' direction.

62.    By reason of the foregoing, Mr. Jackson has suffered and continues to suffer injuries and damages.

### SEVENTH CAUSE OF ACTION
### (False Imprisonment)

63.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 62, inclusive, as if fully set forth herein.

64.    At all relevant times, the Defendants had no reasonable cause to believe that Mr. Jackson had engaged in any misconduct at the Defendant Store he was shopping at prior to his false imprisonment.

65.    At all relevant times, there was no legal justification for: (1) Defendants' non-consensual detention of Mr. Jackson; (2) Defendants' refusal to allow Mr. Jackson to leave the detention area; and/or (3) Defendants' physical actions taken to prevent Mr. Jackson from leaving the detention area.

66.    Based on the foregoing, Mr. Jackson suffered and continues to suffer injuries and damages.

## EIGHTH CAUSE OF ACTION
### (Assault and Battery)

67.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 66, inclusive, as if fully set forth herein.

68.     By their actions, the Defendants intentionally placed Mr. Jackson in fear of imminent and offensive bodily contact and/or wrongfully subjected his to offensive physical contact without his consent.

69.     As a result of the foregoing, Mr. Jackson suffered and continues to suffer injuries and damages.

## NINTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision)

70.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 65, inclusive, as if fully set forth herein.

71.     At all relevant times, Defendants had a duty to screen applicants for hire, retention or discharge those employees who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

72.     At all relevant times, it was the duty of the Defendant to sufficiently hire, train, retain personnel within stores so as to sufficiently discipline, supervise, promulgate, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, employees and/or personnel.

73.     As a result of the Defendants' breach of duty, Mr. Jackson was caused to suffer severe injuries and damage, without fault or contributing by the Plaintiff. As such, the Plaintiff suffered and continues to suffer extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

74.     This action falls within one or more of the exceptions set forth in CPLR 1602.

75.     Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

76.     Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

77.     Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiff's damages.

78.     Pursuant to CPLR Section 1602(11), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against the Defendants, containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of the Defendants complained herein violate federal, New York State and City of New York laws;

B.    An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiffs for their monetary and economic damages;

D.    An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiffs for all their non-monetary and/or compensatory damages, including, but not limited to, compensation for severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

E.    An award of damages for any and all other monetary and/or non-monetary losses suffered by the Plaintiffs in an amount to be determined at trial, but in any excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest;

F.      An award of costs that Plaintiffs have incurred in this action, as well as Plaintiffs' reasonable attorneys' fees  to the fullest extent permitted by law;

G.      An award of punitive damages, in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter; and

H.      Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact and damages.

Dated: New York, New York
       February 12, 2020

                                        Yours, etc.,

                                        THE COCHRAN FIRM
                                        Attorneys for Plaintiffs

                                        By: _____

                                            Derek S. Sells, Esq.
                                            Stephanie R. Correa, Esq.
                                            55 Broadway, 23rd Floor
                                            New York, New York 10006
                                            T: (212) 553-9215
                                            F: (212) 227-8763

## ATTORNEY'S VERIFICATION

**DEREK S. SELLS,** an attorney at law, duly admitted to practice in the Courts of this State, affirms the following under the penalties of perjury:

I am the Chairman of THE COCHRAN FIRM, attorneys for Plaintiff in the above action. I have read the foregoing COMPLAINT and know the contents thereof.  Upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by me and not by Plaintiff is that the Plaintiff herein resides in a County other than the one in which her attorneys maintain their offices.

The source of my information and the grounds for my beliefs are the communications, papers, reports and investigations contained in the litigation file.

Dated: New York, New York
       February 12, 2020

DEREK S. SELLS